(October 20, 2003)

In the Matter of JAMES L. DIXON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [766 NYS2d 124] —Per Curiam. Respondent was admitted to practice by this Court in 1989 and maintains an office for the practice of law in the City of Schenectady, Schenectady County.

By decision dated June 6, 2003, this Court found respondent guilty of professional misconduct and censured him (*Matter of Dixon*, 306 AD2d 618 [2003]). The decision further directed respondent to comply with the attorney registration requirements (*see* Judiciary Law § 468-a; 22 NYCRR part 118) within 30 days and to make a refund to a client within 90 days. Further, the decision directed petitioner to move for respondent's immediate suspension from practice in the event that respondent failed to comply with the ordered payments.

Respondent failed to timely comply with the attorney registration requirements and petitioner moved for his suspension from practice. Respondent subsequently registered and paid the delinquent fees, and he now moves for an extension of time to make the refund to his client, citing financial problems.

We find that respondent has not fully complied with this Court's disciplinary decision and order and we conclude, in the event that he has not done so within 30 days, that he should be suspended from practice until such time as he complies.

Cardona, P.J., Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that respondent's motion for an extension of time is denied; and it is further ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law until such time as he submits proof to petitioner of his full compliance with this Court's disciplinary decision and order dated June 6, 2003, which suspension shall

be effective in 30 days from the date of this decision; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).